PETER W. CAVETTE
55 W. Sierra Madre Blvd.
Suite 300-A
Sierra Madre, CA 91024
(626) 836-4900
(626) 836-5900 (facsimile)
Attorney for Plaintiffs

FILED
CLERK, U.S. DISTRICT COURT
AUG 12 2008
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EDCV08-1099 SGL (JWJx)

| | |
|---|---|
| LESLIE FARROW, LOUIE GIAMPAPA, MATT PENDO, MIKE BERGEN, CHARLES POSS, GENE BREWER ERIK LAGAFUAINA, CURTIS FARROW, TRUSTEES OF THE CONSTRUCTION TEAMSTERS HEALTH AND WELFARE TRUST AKA THE CONSTRUCTION TEAMSTERS SECURITY TRUST, THE CONSTRUCTION TEAMSTERS VACATION-HOLIDAY TRUST, THE CONSTRUCTION TEAMSTERS TRAINING AND UPGRADING TRUST, AND THE CONSTRUCTON TEAMSTERS CONTRACT COMPLIANCE FUND, PLAINTIFFS, | CASE NO. |
| VS. | COMPLAINT FOR |
| Vance Corporation, a California corporation, DEFENDANT. | BREACH OF CONTRACT<br>ERISA Sec 502 (g)(2) |

Plaintiffs allege as follows:

FIRST CAUSE OF ACTION

(BREACH OF CONTRACT)

1. The Plaintiffs are the trustees of the Construction Teamster Health & Welfare (more specifically known as the Construction Teamsters Security Trust), the Construction Teamsters

Vacation-Holiday Trust, the Construction Teamsters Training and Upgrading Trust and the Construction Teamsters Contract Compliance Trust hereinafter referred to as"Trust Funds or Trusts" are express trust created by a written agreement, and exist subject to and pursuant to Section 302 of the Labor Management Relations Act )(29 U.S.C. 186) and the Employee Retirement Income Security Act of 1974 (29 U.S.C. 1001, ET SEQ.). The Trustees are named fiduciaries within the meaning of 29 U.S.C. 1102 (A) (2).

2. The action is prosecuted pursuant to Section 301(A) of the Labor Management Relations Act [29 U.S.C. 185(A)] against an employer engaged in an industry affecting Interstate Commerce and filed pursuant to Section 502 (D) (1) of the Employee Retirement Security Act of 1974 [29 U.S.C. 1132(D)(1)].

3. The obligations herein sued on were contracted to be performed in the City of Los Angeles, County of Los Angeles, State of California.

4. Defendant, Vance Corporation is a California corporation, (hereinafter referred to as "Defendant"), and is an employer within the meaning of 29 U.S.C. Section 185(A).

5. On or about February 26, 2003, Defendant authorized Associated General Contractors (AGC) to represent it in collective bargaining negotiations with Joint Council No. 42 of the International Brotherhood of Teamsters for wages and fringe benefits due to its employees and other persons performing the work categorized as construction teamters work. Thereafter AGC and the Joint Council of Teamsters entered into collective bargaining agreement for the period of 2003 and through and

including the period of July 2006 through June 30, 2009. For the period of July 1, 2003 through June 30, 2006 and July 1, 2006 through June 30, 2009, the parties were bound to a identical collective bargaining agreements (other than wages and fringe benefits), hereinafter referred to as the "Construction Master Labor Agreement"

6. By said Construction Master Labor Agreement, Defendant promised to comply with all the terms of a plainitff's trust agreements (Section 3001).

7. In the Construction Master Labor Agreement and the trust agreement, Defendant promised that it would contribute and pay to the respective trust funds referred to above, fringe benefit contributions for each hour worked (or paid).by persons performing services covered by said master labor agreement, which amount would be paid to the Trust Funds at their place of business in Los Angeles on the 15th day of each succesive month, commencing on the 15th day of the month the term of the Construction Teamsters Master Labor Agreement.

8. The parties have determined that the regular and prompt payment of employer contributions to the Trusts is necessary for the maintance of the Trusts; and that it would be extremely difficult, if not impossible, to fix the actual expenses and damage to the Trust Funds which would result from the failure of an an individual employer to make prompt payment or to report timely. Accordingly, under the terms of the Trust Agreements, failure to report or make payments result in liquidated damages calculated at $35.00 per trust, ot 12% of the amount of contributions, whichever is greater.

9. Plaintiffs have complied with all conditions on their part to be performed under the terms of the aforementioned agreements.

10. Defendant has reported hours for the months of October 2004 through February 2007 but neither failed to report nor and pay for all fringe benefits. The defendant was audited and was billed for the under-reporting on June 9, 2007. The bill included audit charges of $350.00; those fees are chargable to Defendant under the terms of the Construction Master Agreement. Defendant subsequently provided information documenting that some of the work was performed by persons that both the Plaintiffs and Defendant agree were non-covered "owner-operators" who performed water truck work with their own equipment. After reviewing all third party documentation, Plaintiffs reduced the audit findings to $4,459.92 for fringes due and $534.32 liquidated damages. Plaintiffs demanded that Defendant pay said $5344.24, which included the $350.00 audit fee and Defendant has refused to pay said sum.

11. It has been necessary for the Plaintiffs to hire an attorney for the purpose of collecting said contributions and liquidated damages. The Construction Master Labor Agreement provides that in the event of litigation to collect unpaid fringe benefits, the individual employer will be liable for payment of reasonable attorney fees. 29 U.S.C. Section 1132(G) provides for payment of reasonable attorney fees.

SECOND CAUSE OF ACTION

(DECLARATORY RELIEF -- BREACHES OF CONTRACT)

For its second cause of action against the Defendant, the trustees herein allege:

12. The trustees reallege the allegations set forth in paragraphs one through eleven as if fully set forth herein.

13. The trust funds are entitled to recover from defendant the unpaid contributions and liquidated damages owed to the trust funds for the months of February 2007 through the filing of this amended compalitn.

Plaintiffs pray for judgment against Defendant as follows:

1. For the first cause of action, for damages in the amount of $5,344.24.

2. For the second cause of action, for unpaid contributions and liquidated damages for post-complaint breaches of the Agreement;

3. For reasonable attorney's fees;

4. For Plaintiffs' costs of suit incurred herein; and

5. For such other and further relief as the court deems just and proper.

Dated: August 8, 2008

Peter W, Cavette

[signature]

Attorney for Plaintiffs